UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| FRANCISCO OLIVARES, | ) | No. CV 06-6207-DDP (PLA) |
| Petitioner, | ) | **ORDER ADOPTING FINDINGS,** |
| | ) | **CONCLUSIONS AND RECOMMENDATION** |
| v. | ) | **OF UNITED STATES MAGISTRATE JUDGE** |
| RICHARD KIRKLAND, Warden, | ) | |
| Respondent. | ) | |

## INTRODUCTION

On November 18, 2010, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that petitioner's Petition for Writ of Habeas Corpus be denied and the action dismissed with prejudice. Thereafter, on January 27, 2011, petitioner through counsel filed "Objections to Report and Recommendation of Magistrate Judge" ("Objs.").

## DISCUSSION

Petitioner raises two objections in response to the Report and Recommendation: (a) because the evidence against petitioner was "extremely weak," no error was harmless (Objs. at 1-6); and (b) petitioner requires an evidentiary hearing to resolve his claims "about the truck, about his house not being inhabited by gang members, and about whether his employer was intimidated

by law enforcement into not providing an alibi" (Objs. at 7). Petitioner also argues that he raises "actual innocence claims, combined with several attendant constitutional violations, all of which contributed [to] his wrongful conviction." (Objs. at 7). The Court, however, notes that, to the extent a substantive "actual innocence" claim may be cognizable in any guise in a non-capital habeas case, petitioner has fallen far short of making the "extraordinarily high" showing required to establish such a claim. See, e.g., Carriger v. Stewart, 132 F.3d 463, 476-77 (9th Cir. 1997) (deciding en banc in a capital case that a stand-alone substantive actual innocence claim, if cognizable, requires an "extraordinarily high" showing, stronger than that required to establish insufficiency of the evidence to convict).

Further, the Court rejects petitioner's contentions both that the case against him was weak and that the weakness of the case renders unreasonable the state court's finding that the error in the admission of a hearsay statement was harmless. As noted in the Report and Recommendation, the erroneously admitted statement of a nontestifying co-defendant was neither a confession nor facially incriminating toward petitioner. And as found by the California Court of Appeal, the codefendant's statement alone was insufficient to link petitioner to the crime or to the black truck. Apart from this statement, other evidence was introduced that petitioner was "Go-Go," was a member of Ford Maravilla, was identified by Jessica Huezo, and that the black truck linked to the shooting was found parked on the street where petitioner was living at the time of his arrest. Accordingly, the Court cannot find that the California Court of Appeal's determination that the admission of the hearsay statement was harmless was an objectively unreasonable application of harmless error review.

The Court additionally rejects petitioner's contention that the "weakness of the case is evidenced by the fact that the jury deliberated for four days and asked so many questions directed to Jessica's identification." (Objs. at 3). The record reflects that during the four days of jury deliberations, which began at noon on January 14, 2002, and concluded at approximately noon on January 18, 2002, the jury made the following requests:

(1) "the admonishment Jessica Huezo signed when she looked at the six pack in July 2000" (CT 113-14; request signed January 14, 2002);

(2) "Dora's statement re: Michael Moreno (what Michael said); Ricardo's statement re: Michael Moreno (what Michael said)[;] ... Jessica's testimony re: the description of the driver[;] Lugo's ... testimony re: his interview w/ Jessica" (CT 116-17; request signed January 15, 2002);

(3) readback of: "Mr. Finley's testimony re: Madrigal [and] time of his presence at work [and] Finley's ability to determine when Madrigal was there"; and "any testimony [re:] Ricardo A.'s identification of Madrigal as shooter" (CT 119-20; request signed January 16, 2002);

(4) readback from Mr. Finley regarding the timeline "re: how long someone can be gone before being noticed" (CT 122, 124; request signed January 17, 2002);

(5) the "testimony on Finley by the prosecutor after the statement/description of how long before you would notice someone is gone[;] any testimony (cross or redirect) regarding the '30-60 mins. before I would notice' statement[;] how many pages of photos were shown to Carlos Moreno in 7/2000?[;] description of the shooter by Carlos Moreno by Carlos [and] by the detectives" (CT 123, 125; signed January 17, 2002).

Petitioner was tried together with codefendant Rafael Madrigal, and Madrigal presented evidence in support of a defense that he was working at the time of the incident. According to the evidence requested by the jury, it appears to the Court that the jury raised more requests pertaining to Madrigal's alibi and the identification of Madrigal by Carlos Moreno (see 3 RT 393-96) than requests pertaining to Jessica's identification of petitioner. In light of the fact that the jury made numerous requests concerning the case against Madrigal despite what even petitioner concedes was "overwhelming" evidence against Madrigal (Objs. at 1), the Court rejects petitioner's contention that the jury's four days of deliberation on the charges against the two codefendants somehow reflects the "weakness of the case" against petitioner (Objs. at 2).

Moreover, the Magistrate Judge already has rejected petitioner's argument regarding the weakness of Jessica's identification cast in a different light in the Petition. As found in the Report and Recommendation, petitioner has failed to show that any alleged errors of trial counsel somehow undermined the strength of Jessica's positive identification of petitioner at trial.

3

With respect to petitioner's continuing request for an evidentiary hearing, the Magistrate Judge already has found that petitioner has failed to show that any further investigation into the ownership of the truck at the time of the shooting, or regarding the other occupants of the house in which petitioner was residing at that time, would potentially give rise to a colorable claim to relief, or that, even in the absence of any threat or intimidation, petitioner's employer was willing to testify and, had petitioner's employer testified, that his testimony would have created a plausible alibi for petitioner.

Accordingly, after full consideration of the arguments raised in petitioner's Objections, the Court concludes that petitioner's request for an evidentiary hearing be denied and that his Petition be denied.

**CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Magistrate Judge's Report and Recommendation, and petitioner's Objections thereto. The Court agrees with the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is adopted.
2. Judgment shall be entered consistent with this order.
3. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: September 7, 2011

HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE